UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS,<br><br>Plaintiff,<br><br>vs.<br><br>JIREH ASPHALT AND CONCRETE, INC. dba JIREH CONSTRUCTION SERVICES, a Washington corporation,<br><br>Defendant. | NO. 2:21-cv-00365-JCC<br><br>JOINT SUBMISSION TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS MOOT<br><br>NOTED ON MOTION CALENDAR: September 24, 2021 |

In its Minute Order of September 10, 2021, the Court ordered that the parties must show cause why this case should not be dismissed as moot. In response, American Hallmark Insurance Company of Texas ("Hallmark") and Jireh Asphalt and Concrete Inc. dba Jireh Construction Services ("Jireh") provide this joint submission and both maintain that there is no agreement between the parties regarding the merits of this case and that this case is not moot.

The Court's Order noted that, in response to Hallmark's Motion for Summary Judgment, Jireh filed a Non-Opposition stating, "Defendant does not contest any factual or legal issue raised in Plaintiff's Motion for Summary Judgment[,] and Defendant recognizes that the Court may deem this filing to constitute consent by Defendant that [Plaintiff] is entitled to the granting of said motion." (Dkt. No. 18 at 1). This non-opposition does not moot the declaratory judgment

JOINT SUBMISSION TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 1 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

action because Jireh's non-opposition was not an agreement with Hallmark's position. Just as a party who does not contest a complaint by filing an Answer does not moot the case, but instead makes the case ripe for default judgment, Jireh's not contesting the summary judgment motion merely makes the case ripe for summary judgment. A decision is necessary to allow Hallmark to withdraw its defense from Jireh in the Underlying Lawsuit without the risk of adverse outcomes. At this time, Hallmark is still defending Jireh in the Underlying Lawsuit under a full reservation of rights. Hallmark's defense was provided in response to Jireh's tender, which has not been rescinded and therefore without a ruling the parties are left in conflicting positions of Jireh having asked for a defense/indemnity but Hallmark believing that a defense/indemnity is not owed.

Jireh's non-opposition was not filed because Jireh agrees with Hallmark's position. Instead, Jireh and Hallmark have reached an agreement that does not take effect until after this coverage lawsuit has ended. At this time, Jireh still asserts that it is owed a defense by Hallmark and has released no claims against Hallmark. The lack of opposition to a claim or motion does not moot the claim or motion, otherwise any lawsuit or motion would be mooted by a party's failure to file an opposition. Jireh stresses that it does not agree with Hallmark's position, but rather chooses not to contest the factual and legal issues. If the Court does not issue a ruling on the duty to defend and the duty to indemnify, Hallmark's rights and duties have not been determined. Thus, the case is not moot.

"Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003)(internal quotations omitted). "Generally, an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy. . . . The party asserting mootness has the heavy burden of

JOINT SUBMISSION TO SHOW CAUSE
WHY MATTER SHOULD NOT BE
DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 2 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

establishing that there is no effective relief remaining for a court to provide." *Id.* at 1116-17 (internal quotations omitted).

Here, there remains effective relief that this Court can provide to Hallmark because, without a judicial declaration, Hallmark is left with unknown duties. Courts in Washington direct that "[i]f the insurer is uncertain of its duty to defend, it may defend under a reservation of rights and seek a declaratory judgment that it has no duty to defend." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 54 (2007). This is what Hallmark has done in this case and without such a declaration, Hallmark's rights and duties are left in question. Without a declaration of no defense and the Court's permission to withdraw its defense in the underlying case, Hallmark could be accused of acting in bad faith if it withdraws its defense based on Jireh's non-opposition.

The language quoted by the Court above does not *admit* that Hallmark is correct that it owes no defense, and the language does not withdraw Jireh's tender. There can be any number of reasons why an insured decides not to contest a declaratory judgment action other than agreeing that a defense/indemnity is not owed. This exact same language has been used in other non-oppositions without mooting the case – for example, in *State Farm Fire and Cas. Co. v. Richard M. Paddison*, an insured filed a Non-Opposition to State Farm's summary judgment motion which stated:

> Defendant does not contest any factual or legal issue raised in Plaintiff's Motion for Summary Judgment and Defendant recognizes that the Court may deem this filing to constitute an agreement/consent by Defendant that State Farm Fire and Casualty Company is entitled to the granting of said motion, pursuant to Local Rule 7.1 and Rule 56(e) of the Federal Rules of Civil Procedure.

*State Farm Fire and Cas. Co. v. Richard M. Paddison*, 3:19-cv-00356-NDF-MLC, Dkt. No. 29 (D. Idaho Aug. 14, 2020). The *Paddison* court found that:

> On August 14, 2020, Defendant Paddison filed a Notice of Non-Opposition to the Motion, agreeing that Plaintiff is entitled to summary judgment and consenting to summary judgment in Plaintiff's favor.
>
> Finding the motion unopposed and that Plaintiff is entitled to a favorable judgment on all claims, Plaintiff's Motion for Summary Judgment is GRANTED.

JOINT SUBMISSION TO SHOW CAUSE
WHY MATTER SHOULD NOT BE
DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 3 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

*State Farm Fire and Cas. Co. v. Richard M. Paddison*, 3:19-cv-00356-NDF-MLC, Dkt. No. 30 (D. Idaho Aug. 19, 2020).

It is Jireh's position that Jireh does not agree with Hallmark's factual and legal conclusions and believes that Hallmark's duty to defend *is* triggered by the underlying complaint. However, for reasons that are its own, Jireh has decided that it is in its best interest to not contest Hallmark's filings. Jireh's statement of not contesting factual assertions or legal arguments in this context is intended only to alert the Court that it is not going to file an opposition to Hallmark's Motion for Summary Judgment on any factual or legal issue raised by Hallmark, not that Jireh agrees. *N. California Glaziers, Architectural, Metal & Glassworkers Pension Tr. v. Architectural Glass Const., Inc.*, 2009 WL 3721344, at *3 (N.D. Cal.) ("In the present action, defendant did not present evidence to set forth a genuine issue of material fact – rather, defendant simply filed a statement of nonopposition. As a result, this order need only determine whether plaintiffs have submitted evidence to show that there is no genuine issue of material fact for trial"). The same is true of Jireh's not answering the Complaint – it is not that Jireh agrees, merely that it has chosen not to actively contest Hallmark's claims. *See also*, *Navarrete v. City and County of San Francisco*, 19 F.3d 28, 1994 WL 65057, at *1 (9th Cir.) (District Court did not err by entering summary judgment where party failed to submit any evidence in opposition to motion for summary judgment and instead filed non-opposition to motion).

Thus, by not agreeing that Hallmark is correct, and by not withdrawing its tender, there is a live controversy regarding whether Hallmark owes a continuing duty to defend Jireh in the underlying action until such time that there is a full and final judgment or settlement. This is similar to the case of *KKMB, LLC v. Khader, et al.*, 2020 WL 2843367 (C.D. Cal.). In that case, numerous parties claimed to have rights to the benefits of certain life insurance policies. Yet, during a lawsuit filed to determine who should receive the policies' benefits, the defendants did

JOINT SUBMISSION TO SHOW CAUSE
WHY MATTER SHOULD NOT BE
DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 4 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

not contest the plaintiff's summary judgment motion, which claimed that plaintiff alone should receive the benefits. Instead, the defendants either filed non-oppositions or didn't respond at all. The Court found that declaratory judgment on the issue of whether the plaintiff was the sole beneficiary was ripe because the declaration would resolve the dispute created by the defendants' pre-suit claims on the policies. Similarly, Jireh made a pre-suit request for a defense and indemnity from Hallmark, just like the defendants in *KKMB* made pre-suit claims on the life insurance policies. Further, like in *KKMB* where the non-oppositions do not withdraw the claims on the life insurance policies, Jireh's non-opposition does not withdraw its tender to Hallmark. Therefore, the controversy created by the tenders still exists and summary judgment for Hallmark is proper because ". . . no party has submitted any filing proffering evidence of any material factual dispute." *Id*. at *6.

There also remains a live controversy regarding whether Hallmark owes indemnity for any amounts that could become collectable against Jireh in the underlying lawsuit or collectible against some other party in the underlying lawsuit because of Jireh's alleged actions at the Esplanade site. Potentially, such other party could assert a claim against Hallmark's policy based on Jireh's alleged actions and on Jireh's relationship with that party. Jireh has not admitted it is not owed any indemnity and Jireh has not released any claims against Hallmark related to indemnity and, the parties stipulate, Jireh has actively requested a duty to indemnify from Hallmark. Thus, this controversy is live as well. Further, not even a full agreement of non-coverage by Jireh could moot this issue – if the underlying plaintiff obtains a judgment against Jireh or against some other party that could seek indemnity through the policy, the underlying plaintiff and/or the other third party can seek to collect that amount against Hallmark. Hallmark has a right to have its rights and duties decided by this Court.

///

///

JOINT SUBMISSION TO SHOW CAUSE
WHY MATTER SHOULD NOT BE
DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 5 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

DATED this 23rd day of September, 2021.

| BETTS, PATTERSON & MINES, P.S. | LEVY \| VON BECK \| COMSTOCK \| P.S. |
|---|---|
| By /s/ David P. Rossmiller<br>**David P. Rossmiller, WSBA No. 36491**<br>Email: drossmiller@bpmlaw.com<br>**Elissa M. Boyd, WSBA No. 50436**<br>Email: eboyd@bpmlaw.com<br>111 SW 5th Avenue, Suite 3650<br>Portland, OR 97204<br>Telephone:(503) 961-6338<br>Facsimile: (503) 961-6339 | By /s/ Seth E. Chastain<br>**Seth E. Chastain, WSBA No. 43066**<br>Email: sechastain@levy-law.com<br>1200 Fifth Avenue, Suite 1850<br>Seattle, WA 98101<br>T/F: 206.626.5444 |
| *Attorneys for Plaintiff American Hallmark Insurance Company of Texas* | *Attorneys for Defendant Jireh Asphalt and Concrete, Inc. dba Jireh Construction Services* |

JOINT SUBMISSION TO SHOW CAUSE
WHY MATTER SHOULD NOT BE
DISMISSED AS MOOT
NO. 2:21-cv-00365-JCC

- 6 -

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338